■ EDWIN M. LARKIN, Respondent-Appellant, v PRESENT COMPANY, Appellant-Respondent. (Appeal No. 2.)—Judgment unanimously affirmed without costs. Memorandum: The evidence was sufficient to support the jury's verdict awarding plaintiff $55,200 for legal fees on a quantum meruit basis. When the $15,000 advanced to plaintiff by defendant is added to that amount, the total fee is $70,200, or $135 per hour for 453 hours of securities work and 67.5 hours of general corporate work. That amount is substantially the same as the amount which defendant conceded that it had agreed to pay plaintiff. It was established that $135 per hour was the rate that defendant had paid the Mousaw firm for work performed by plaintiff while he was with that firm. Further, there was testimony that defendant paid the Mousaw firm $150 per hour to complete the offering. Thus, even excluding the testimony of plaintiff's experts, there was ample evidence that $135 per hour was a reasonable fee. Additionally, one of plaintiff's experts, a partner in the accounting firm of Peat, Marwick, testified that a reasonable legal fee for a public offering of this size would range from $60,000 to $100,000. Plaintiff's other expert, a securities lawyer from New York City, testified that

600 hours of legal work is reasonable for a public offering of this size. Those experts were qualified to testify *(see, Matott v Ward,* 48 NY2d 455, 459; Richardson, Evidence § 368 [Prince 10th ed]) and defendant's objections bear on the weight to be accorded such testimony, not its admissibility. At any rate, in view of the other competent evidence that established the reasonableness of plaintiff's fee, any error in admitting the expert testimony was harmless.

The evidence also supports the jury's determination that defendant's payment of $22,500 to the Mousaw firm to complete the offering was not reasonably required to rectify deficiencies in plaintiff's performance. The work performed by the Mousaw firm largely duplicated the work already performed by plaintiff. Defendant had never expressed dissatisfaction with plaintiff's work and in fact refused to accept his resignation prior to the closing.

On plaintiff's cross appeal, plaintiff challenges the propriety of the jury's determination that he spent less time on the stock offering than he claimed. In his testimony, plaintiff revealed that he spent a great deal of time performing clerical functions because secretarial help was not always available. The jury was entitled to conclude that plaintiff should not recover attorney's fees for such tasks. Although the judgment does not fully compensate plaintiff for his disbursements, he failed to preserve that error for review by objecting to the court's instruction, the special verdict question, the jury's finding, or the judgment. We decline to consider it for the first time at this stage. (Appeals from judgment of Supreme Court, Monroe County, Curran, J.—legal fee.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.